## FINCK v. MENKE.

(Supreme Court, Appellate Term. December 31, 1900.)

PROCUREMENT OF LOAN — ACTION FOR SERVICES — EXCUSE FOR FAILURE TO SECURE MONEY.

In an action for services in procuring a real-estate mortgage loan, in which the evidence showed a contract by which plaintiff agreed to procure the loan within 10 days, and that defendant never in fact received the money, a claim that it was owing to defendant's fault in not delivering certain abstracts was without merit, there being nothing in the contract requiring it.

Appeal from municipal court, borough of Manhattan, Second district.

Action by John Finck against Simon Menke. From a judgment for plaintiff, defendant appeals. Reversed.

See 64 N. Y. Supp. 38.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

L. L. G. Benedict, for appellant.

Leventritt & Brennan, for respondent.

PER CURIAM. The complaint alleges that on or about the 5th day of June, 1899, at the special instance and request of the defendant, the plaintiff rendered and performed certain work, labor, and services for the defendant in procuring a loan of $5,000 on bond and mortgage, for which the defendant promised and agreed to pay the sum of $130, which was the reasonable value thereof. The evidence shows that on or about the 5th day of June, 1899, plaintiff and defendant entered into a contract by which the plaintiff agreed to procure for the defendant within 10 days a loan of $5,000. The evidence also shows that the defendant never in fact received said money on said loan of $5,000, but the plaintiff claims that it was owing to the fault of the defendant in not delivering certain abstracts that he (the defendant) did not receive said money. There is nothing in the contract that required the defendant to deliver any abstracts to the plaintiff. The plaintiff's witness Niglutch, who seems to have had all the conversation that was had with Menke on the question of abstracts, testified that Menke said to him at the time the contract was made that he (Menke) would try to get the abstract for the plaintiff. This certainly does not make an agreement on the part of Menke to furnish the abstracts. The case thus stands that plaintiff did not procure a loan for the defendant within the 10 days provided for by the contract, and was not prevented by any act of the defendant from procuring such loan. It is, moreover, to be noted that plaintiff does not claim in his complaint that he was prevented by any act of the defendant from complying with the terms of the contract.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.